UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEINER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Defendant. | Civil Action No. 07-2108 (JDB) |

## MEMORANDUM OPINION

Plaintiffs Susan and Peter Weiner bring this action against defendant Novartis Pharmaceuticals Corporation, alleging that Susan Weiner suffered injuries as a result of her treatment with drugs marketed and distributed by Novartis. Before the Court is [7] plaintiffs' unopposed motion to transfer this case to the Southern District of New York. Upon consideration of the motion, defendant's consent, applicable law, and the entire record herein, and for the reasons explained below, the Court will grant the motion and transfer this action to the Southern District of New York.

## BACKGROUND

The Weiners are residents of New York, New York, in the Southern District of New York. Pls.' Compl. [ECF No. 1] ("Compl.") ¶¶ 2-3. The events leading up to this lawsuit occurred in New York and the surrounding area. Pls.' Renewed Mot. to Transfer [ECF No. 7] ("Pls.' Mot.") 1. Novartis is a multinational corporation that markets and distributes Zometa, a drug used to treat diseases that have metastasized to bone, throughout all fifty states and the District of Columbia. Compl. ¶¶ 1, 5, 7. Mrs. Weiner was prescribed, purchased, and was infused

1

with Zometa. Id. ¶ 2. Plaintiffs claim that Zometa caused the bone tissue of Mrs. Weiner's jaw to die, a painful and disfiguring condition known as osteonecrosis. Id. They further claim that Novartis knew or should have known of this adverse effect, and that it nonetheless continued to market and distribute Zometa. Id. ¶¶ 10-21. Invoking diversity jurisdiction, plaintiffs filed suit in this district on November 21, 2007. Id. ¶ 6. They seek compensatory and punitive damages under a number of different theories, including strict liability, failure to warn, and, in Mr. Weiner's case, loss of consortium. Id. ¶¶ 22-43. On January 8, 2008, the Judicial Panel on Multidistrict Litigation transferred this case to the Middle District of Tennessee, where hundreds of similar lawsuits have been consolidated to litigate common factual questions more efficiently. See In re Aredia and Zometa Prods. Lia. Litig., No. 3:06-md-1760 (M.D. Tenn. 2006) ("MDL-1760"); Letter from J.P.M.L. [ECF No. 2]. Now that the Panel has remanded the case back to this Court, plaintiffs seek to transfer venue to the Southern District of New York, and Novartis consents to transfer. Conditional Remand Order from J.P.M.L. [ECF No. 4]; Pls.' Mot.; Def.'s Notice of Consent [ECF No. 9].

## STANDARD OF REVIEW

District courts have discretion to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[1] Courts assess motions to transfer venue according to an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v.

---

[1] Section 1404(a) was amended in 2011 to provide that a court may also transfer a case "to any district or division to which all parties have consented." Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 204, 125 Stat. 758, 764 (Dec. 7, 2011). That amendment, however, as relevant here, only applies to actions commenced on or after the amendment's effective date of January 7, 2012. Id. § 205, 125 Stat. at 764-65. This case was initially filed in 2007. See Compl. Hence, plaintiffs bear the burden of establishing that this case initially could have been brought in the Southern District of New York; consent alone is not sufficient.

Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). However, "a court may not transfer a case from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff." Sierra Club v. Van Antwerp, 523 F. Supp. 2d 5, 11 (D.D.C. 2007) (internal quotation marks omitted). The moving party bears the initial burden of establishing that transfer is proper. S. Utah Wilderness Alliance v. Lewis, 845 F. Supp. 2d 231, 234 (D.D.C. 2012).

The threshold requirement of section 1404(a) is met here: the transferee forum is a district "where [the action] might have been brought." § 1404(a); see Thayer/Patricof Educ. Funding v. Pryor Res., Inc., 196 F. Supp. 2d 21, 32 (D.D.C. 2002). Venue and jurisdiction are proper in both the Southern District of New York and this district. Novartis is the only defendant, so venue is proper in any district where it is subject to personal jurisdiction. See 28 U.S.C. §§ 1391(b)(1), (c)(2). This Court would likely have personal jurisdiction because Novartis "does business" in this jurisdiction and the exercise of jurisdiction would comport with due process. See Shirlington Limo. & Transp., Inc. v. San Diego Union-Tribune, 566 F. Supp. 2d 1, 4-5 (D.D.C. 2008) (interpreting D.C. Code § 13-334 as a grant of general jurisdiction). New York would also likely have specific personal jurisdiction over Novartis because that is where Novartis sold the Zometa. See N.Y. C.P.L.R. §§ 302(a)(3). New York also probably has general personal jurisdiction over Novartis because it markets and distributes Zometa in New York. See id. § 302(a)(1). Moreover, Novartis does not object to personal jurisdiction or the propriety of venue in either district, and has arguably consented to both by consenting to this section 1404(a) motion, the predicate of which is proper venue in both the transferor and transferee fora. See Freeman v. Bee Mach. Co., 319 U.S. 448, 453 (1943) ("[V]enue [is] a personal privilege which

may be lost . . . by submission through conduct.") (internal quotation marks omitted). Neither party disputes that the action could have been brought in either district.

In deciding whether the "convenience of parties and witnesses" and "the interest of justice" warrant transfer, courts have identified several relevant factors. Mirroring the statutory language, these factors fall under two broad headings, private-interest factors and public-interest factors. See Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996). "[I]f the balance of private and public interests favors a transfer of venue, then a court may order a transfer." Montgomery v. STG Int'l, Inc., 532 F. Supp. 2d 29, 32 (D.D.C. 2008).

### A. Private-interest Factors

In determining whether "the convenience of parties and witnesses" favors transfer, courts consider the following private-interest factors: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, particularly if important witnesses may actually be unavailable to give live trial testimony in one of the districts; and (6) the ease of access to sources of proof. Id. at 32-33; see Trout Unlimited, 944 F. Supp. at 16. The Court will consider each factor in turn.

#### 1. Plaintiffs' forum choice favors transfer

The plaintiff's choice of forum is a "paramount consideration in any determination of a transfer request." Thayer/Patricof, 196 F. Supp. 2d at 31 (internal quotation marks omitted). Here, although plaintiffs initially chose to file their action in this district, they now wish to press their claims in the Southern District of New York. Moreover, none of the events connected to the lawsuit occurred in the District of Columbia; everything happened in the Southern District of New York. The Weiners reside in New York, Mrs. Weiner appears to have been treated with

Zometa in New York, and any injuries suffered by the Weiners appear to have been suffered in New York. The only tie between this case and the District of Columbia appears to be this Court's in personam jurisdiction over Novartis, which may exist in most districts across the country, given the scope of Novartis's sales. Hence, plaintiffs' choice of forum weighs in favor of transfer.

2. Defendant's forum choice favors transfer

Although the defendant's choice of forum is a consideration when deciding a section 1404(a) motion, it is not ordinarily entitled to deference. See Mahoney v. Eli Lilly & Co., 545 F. Supp. 2d 123, 127 (D.D.C. 2008). Here, Novartis consents to transfer. Thus, it need not establish that the added convenience and justice of litigating in its chosen forum overcomes the deference ordinarily given to the plaintiffs' choice. See In re Vitamins Antitrust Litig., 263 F. Supp. 2d 67, 69 (D.D.C. 2003) (finding that defendant has burden to establish appropriateness of transfer despite lessened deference given to plaintiff's choice). In addition, Novartis, a multinational corporation, readily able to defend this lawsuit in either district, has no real stake in having the case heard in either forum. Compl. ¶¶ 4–5; see Veney v. Starbucks Corp., 559 F. Supp. 2d 79, 84 (D.D.C. 2008) (giving little weight to multinational corporation's choice of forum). Accordingly, this factor weighs in favor of transfer.

3. Where the claim arose favors transfer

When the material events that form the factual predicate of the plaintiff's claim did not occur in the plaintiff's chosen forum, transfer is favored. Intrepid Potash-N.M., LLC v. U.S. Dep't of Interior, 669 F. Supp. 2d 88, 95 (D.D.C. 2009). A claim predicated on a manufacturer's liability for injuries caused by a prescription drug arises wherever the plaintiff took the drug, purchased the drug, and was prescribed the drug. Dean v. Eli Lilly & Co., 515 F. Supp. 2d 18, 22

5

(D.D.C. 2007). Mrs. Weiner does not claim to have taken or purchased Zometa in the District of Columbia. See Compl. ¶¶ 1-2, 23. Nor was she prescribed Zometa here. See id. In addition, plaintiffs do not allege that their injuries were discovered or diagnosed here. See id.; Dean, 515 F. Supp. 2d at 22. Plaintiffs do not specifically allege that their claims arose in New York, either—that Mrs. Weiner was prescribed, purchased, or took Zometa in New York or that Mr. Weiner suffered loss of consortium there—but because they have continued to reside in New York since before the suit was filed and because both parties consent to transfer, the Court is able to infer that the claim arose in New York.[2] Hence, this factor favors transfer.

4. Convenience of the parties favors transfer

The plaintiffs reside in the Southern District of New York, and Novartis's headquarters is located in New Jersey, relatively close to the transferee district. Compl. ¶¶ 2-4. The Court infers from the consent of all parties that this factor weighs in favor of transfer.

5. Convenience of witnesses favors transfer

The convenience of the witnesses has been described as "the most critical factor" to examine when deciding a motion to transfer. Pyrocap Int'l Corp. v. Ford Motor Co., 259 F. Supp. 2d 92, 97 (D.D.C. 2003) (quoting Chung v. Chrysler Corp., 903 F. Supp. 160, 164 (D.D.C. 1995)). Discovery in this case was largely completed in the MDL proceedings. Pls.' Mot. 3. Most of the depositions of plaintiffs' witnesses took place in the Southern District of New York, and all took place in the State of New York. Id. Novartis's witnesses were largely deposed in New Jersey. Id. Plaintiffs contend, and the Court infers from defendant's consent its agreement with plaintiffs' contention, that trying this case in New York would be convenient because the

---

[2] If this issue were jurisdictional—if, for example, defendant was not subject to general jurisdiction and plaintiffs asserted specific jurisdiction based on the claim arising in New York—the allegations in the complaint might not suffice.

witnesses' proximity to the Southern District of New York would minimize problems with establishing subpoena power over potential witnesses. Id. Compulsory process over witnesses is often "essential" to getting a "full and true disclosure of the disputed facts." FTC v. Brigadier Indus., 613 F.2d 1110, 1115 (D.C. Cir. 1979) (internal quotation marks omitted). Hence, the likely availability of compulsory process for important witnesses in the transferee forum weighs in favor of transfer.

      6.     Ease of access to sources of proof favors transfer

Modern technology allows most documentary evidence to be easily transferred. Thayer/Patricof Educ., 196 F. Supp. 2d at 36. Hence, the location of documents is much less important to determining the convenience of the parties than it once was. Id. Here, the extensive discovery that took place while the case was in multidistrict litigation further decreases the importance of this factor. Still, if any additional discovery is needed, all of the relevant evidence, such as Mrs. Weiner's medical records, is located in or near the Southern District of New York. Pls.' Mot. 3. To the limited extent that "ease of access to sources of proof" is still significant to the section 1404(a) determination, then, this factor weighs in favor of transfer.

The Court finds that each of the private-interest factors in this case weighs in favor of transfer.

    **B.    Public-interest Factors**

To determine whether "the interest of justice" favors transfer, courts consider the following public-interest factors: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of each court; and (3) the local interest in deciding local controversies at home. Montgomery, 532 F. Supp. 2d at 34; see also Trout Unlimited, 944 F. Supp. at 16. In addition, limitations on jurisdiction and venue (under 28 U.S.C. § 1391) are usually adequate

safeguards of the public interest. Here, in addition to the private-interest factors, the public-interest factors also support transfer. The Court will consider each factor in turn.

1. Transferee court's familiarity with governing law favors transfer

When a case is transferred under section 1404(a), the transferee court is "obligated to apply the state law that would have been applied if there had been no change of venue." Van Dusen, 376 U.S. at 639. This principle requires D.C. choice of law, as it pertains to the governing substantive law, to apply in this case. See id.; Ferens v. John Deere Co., 494 U.S. 516, 532-33 (1990). Under D.C. choice-of-law analysis, when one state's policies would be advanced by applying its substantive law in a tort case, and another state's policies would not, there is a false conflict, and the law of the interested state must apply. See, e.g., Herbert v. District of Columbia, 808 A.2d 776, 779 (D.C. 2002). Applying New York tort law to a New York injury advances New York policies but not D.C. tort law and policies. Hence, D.C. choice of law mandates application of New York substantive tort law. See id.

Familiarity with the governing law is more significant when the legal issues presented are complex or unsettled. Schmid Labs., Inc. v. Hartford Accident and Indem. Co., 654 F. Supp. 734, 737 n.11 (D.D.C. 1986) (citing Eli Lilly & Co. v. Home Ins. Co., 764 F.2d 876 (D.C. Cir. 1985)). Products-liability law "involves complex and continually evolving concepts." Godoy ex rel. Gramling v. E.I. du Pont de Nemours and Co., 319 Wis.2d 91, 768 N.W.2d 674, 680 (2009). As is often the case in a products-liability lawsuit, the Weiners assert liability under a number of distinct theories, see Compl. ¶¶ 22-43, each of which will require the application of a complex body of law to the vast universe of facts uncovered by the MDL–1760 process. The Southern District of New York's experience interpreting New York products-liability law will help ensure

that this litigation is conducted in a just and efficient manner. Hence, this factor also favors transfer.

        2.        Relative congestion of each court favors transfer

Plaintiffs do not address the relative congestion of each court. Still, the Court may consider undisputed facts outside the pleadings when deciding a motion to transfer. Cooper v. Farmers New Century Ins., 593 F. Supp. 2d 14, 18 (D.D.C. 2008). This factor is weighed by comparing the districts' median times from filing to disposition or trial. Pueblo v. Nat'l Indian Gaming Comm'n, 731 F. Supp. 2d 36, 40 n.2 (D.D.C. 2010). Median time from filing to disposition weighs slightly in favor of transfer: 9.0 months in this district, compared to 8.3 months in the Southern District of New York.[3] And from filing to trial, it favors transfer: 40.3 months in this district, compared to 26.6 months in the Southern District of New York. In addition, plaintiffs have moved to transfer relatively early in this litigation. This Court has not yet thoroughly familiarized itself with the voluminous record, so any delay attributable to transfer is likely to be minimal. Cf. Mahoney, 545 F. Supp. 2d at 129 ("If the defendant had interposed its motion earlier in the litigation process, more of the equities would tilt to transfer."). Overall, then, this factor weighs in favor of transfer.

        3.        Local interest in deciding local controversies at home favors transfer

Each state has an "interest in redressing the harms of its citizens." MacMunn v. Eli Lilly Co., 559 F. Supp. 2d 58, 63 (D.D.C. 2008). In addition, when litigation is not "handled at its

---

[3] Adm. Office of the U.S. Courts, Judicial Caseload Profile for the District of Columbia as of June 30, 2013, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2013/district-fcms-profiles-june-2013.pdf&page=2; Adm. Office of the U.S. Courts, Judicial Caseload Profile for the Southern District of New York as of June 30, 2013, http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2013/district-fcms-profiles-june-2013.pdf&page=11.

origin," it often creates "administrative difficulties." Ferens, 494 U.S. at 530 (quoting Gulf Oil Corp., 330 U.S. at 508-09). For example, "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." Id. And holding a trial within the view of the interested community is preferable to holding it "where they can learn of it by report only." Id. Here, plaintiffs are New York residents who allegedly suffered injuries in New York. In other words, Susan Weiner's exposure to Zometa occurred in the state where she still resides, and to which plaintiffs seek to transfer. It is reasonable to allow a court located in New York to redress alleged harms to New York citizens. And if the case goes to trial, it would make little sense to burden District of Columbia residents with jury duty, or to hold the proceedings far away from interested New York residents. This factor thus favors transfer as well.

Just as with the private-interest factors, the Court finds that each of the public-interest factors here favors transfer.

## **CONCLUSION**

In sum, the Court concludes that considerations of convenience, the interest of justice, and the parties' consent all weigh in favor of transfer to the Southern District of New York. The Court thus will grant plaintiffs' motion to transfer venue to the Southern District of New York. A separate order has issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: November 20, 2013